IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES P. OLSEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 8:08CV246 |
| vs. ) | |
| ) | ORDER |
| CITY OF OMAHA, ) | |
| ) | |
| Defendant. ) | |

  Plaintiff filed this action on June 12, 2008 to enforce his right to wages and overtime under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA").

  The original May 5, 2009 trial date was continued to July 14, 2009 after the parties advised the court they had reached a tentative settlement but needed approval from the Omaha City Council. The case was ultimately scheduled for trial on September 22, 2009; however, on September 21, 2009, counsel again notified the court that the parties had reached a settlement. Judgment was entered in favor of the plaintiff on October 6, 2009 pursuant to the parties' stipulation. Now pending is the plaintiff's Motion (Doc. 38) for attorney fees and costs and the defendant's response in opposition thereto (Doc. 50). The motion was argued and evidence submitted on November 13, 2009.

  The FLSA, 29 U.S.C. § 216(b), provides that "[t]he court ... shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." There is no dispute that the plaintiff prevailed in this action and is entitled to a reasonable award of attorney's fees and costs. In *Hensley v. Eckerhart*, 461 U.S. 424 (1983), the Supreme Court identified the major factors to be considered by a court in awarding attorney's fees: (1) whether an award is appropriate; and (2) the value of the services rendered as determined by the "lodestar" method. *Id*. at 433. The court must also consider whether an enhancement or reduction to the lodestar is warranted in a particular case.

  The lodestar is calculated by determining the number of hours reasonably expended on the case and multiplying them by the applicable hourly market rate for the relevant legal

services. *Hensley*, 461 U.S. at 433. The prevailing party must submit documentation to establish the amount of the request; must exercise "billing judgment;" and must be mindful that "'[h]ours ... not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority.'"  *Id.* at 434 (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980) (en banc) (emphasis original)).

The application for attorney's fees and costs is based upon work performed by Benjamin M. Belmont and associate attorneys Jason C. Demman and Jessica L. Finkle, as reported in the invoices included in hearing Exhibit 1:

| | | |
|---|---|---|
| Benjamin M. Belmont | 82.20 hours at $175.00/hour | $14,385.00 |
| Jason D. Demman[1] | 29.80 hours at $100.00/hour | $ 2,980.00 |
| | 33.60 hours at $120.00/hour | $ 4,032.00 |
| Jessica L. Finkle | 7 hours at $85.00/hour | $    595.00 |
| | | _____ |
| | | $21,992.00 |

In its response, the City agrees that counsel's hourly rates are not excessive, but complains that counsel's billing statements do not properly itemize the time spent because counsel did not always specify the topics of the legal research performed and the subjects discussed during conferences.  The City also complains of duplication in that Mr. Belmont and Mr. Demman both attended conferences and/or trial on "numerous" occasions.

Mr. Belmont's affidavit explains that the majority of counsel's work consisted of analyzing the special FLSA rules as they apply to firefighters; researching federal statutory and case law; conducting ongoing telephonic, electronic and written communications with the plaintiff and defense counsel; preparing and filing all pleadings; preparing for and filing discovery, including requests for admission, requests for production of documents, and

---

[1] There was a small discrepancy between the hours reported in counsel's affidavit and schedule of attorney fees and the hours reported on the invoices dated April 30, 2009 and June 4, 2009.  The court has used the figures from the invoices.

interrogatories; preparing for and taking four depositions; preparing for and attending all pretrial court appearances; preparing for trial; engaging in settlement discussions that ultimately led to the settlement of the case; preparing and finalizing the settlement agreement; and preparing the instant motion for attorney's fees and costs.

The court has reviewed counsel's itemized fee statement and finds that it substantially complies with the requirements of NECivR 54.4. The work performed by Mr. Belmont and Mr. Demman on April 26, 2009 and May 5, 2009 in preparation for the originally scheduled trial was reasonable under the circumstances.

In summary, the plaintiff was required to fully complete discovery and to prepare for trial two times. The day before trial, the City agreed to pay the plaintiff liquidated damages in the amount of $29,843.58, which is slightly more than the full amount originally requested in the Complaint.

The court finds that the value of the services rendered by plaintiff's counsel, as determined by the "lodestar" method, is $21,992.00, and neither an enhancement nor a reduction to the lodestar is warranted in this case.

**IT IS ORDERED:**

1.   Plaintiff's Motion for Attorney's Fees (Doc. 38) is granted in the total amount of $21,992.00.

2.   Defendant shall pay plaintiff his reasonable attorneys' fees in this matter by promptly sending payment to plaintiff's counsel.

**DATED November 17, 2009.**

                 **BY THE COURT:**

                 s/ F.A. Gossett
                 **United States Magistrate Judge**